O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| INNOVA SOLUTIONS, INC., | ) | Case No. 18-cv-09732 DDP (RAOx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S** |
| | ) | **MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT & DENYING** |
| | ) | **DEFENDANT'S MOTION FOR** |
| KATHY A. BARAN, | ) | **SUMMARY JUDGMENT** |
| | ) | |
| Defendant. | ) | [Dkts. 28, 29] |
| | ) | |
| | ) | |

Presently before the court are the parties' cross motions for summary judgment. (Dkts. 28, 29.) Having considered the submissions of the parties and heard oral argument, the court grants Plaintiff's motion, denies Defendant's motion, and adopts the following order.

**I. BACKGROUND**

Under the Immigration and Nationality Act ("INA"), an employer may petition for a non-citizen to work in the United States on a temporary basis for a "specialty occupation," otherwise known as H-1B status. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b). On

June 5, 2018, Plaintiff Innova Solutions, LLC ("Innova") filed a Petition for Nonimmigrant Worker with the United States Citizenship and Immigration Services ("USCIS") seeking to sponsor Dhesinghu Alagarsamy ("Beneficiary") for an H-1B visa. (Certified Administrative Record ("CAR") 169.) Innova's petition was based on an employment offer to the Beneficiary to work as a "Solutions Architect," (CAR 173), "developing [Innova's] proprietary software and hardware." (CAR 190.) Innova represented that the Beneficiary would work "in-house at [Innova's] corporate headquarters in Santa Clara, California." (CAR 191.) Further, Innova represented that the employer-employee relationship was traditional, Innova would maintain complete and autonomous control over various aspects of the Beneficiary's employment including, hiring and firing, level of remuneration, hours worked, drug and background screening, approval of overtime, and would assign him to any project of Innova's choosing and assign additional duties as Innova saw fit. (CAR 191.)

On June 13, 2018, Defendant, USCIS[1], sent Innova a Request for Evidence ("RFE") requesting additional evidence to establish the requirements for an H-1B visa. (CAR 13.) Specifically, USCIS requested additional information to establish specialty occupation, the Beneficiary's qualifications, and that an employer-employee relationship existed. (CAR 12-22.) Innova timely responded to the RFE. (CAR 23.) Innova's response to the RFE included a cover letter explaining the type of work the Beneficiary would be engaged in, a description of the Beneficiary's typical day, a breakdown of Beneficiary's typical day by percentage, a "Solutions Supervision & Control Letter, an organizational chart, a Proof of Concept for the project the Beneficiary would be involved with, Innova's tax returns, a lease of the space in Santa Clara where the Beneficiary would work, and an overview of Innova. (CAR 20-35; 59-135.)

---

[1] Plaintiff filed this action against Kathy Baran, in her official capacity as the then Director of the USCIS California Service Center.

On September 17, 2018, USCIS denied Innova's Petition on the grounds that Innova had failed to establish an employer-employee relationship including demonstrating that the Beneficiary would be working in-house, and not placed with third-parties, and demonstrating that Innova had sufficient in-house employment for the duration of the requested visa period. (CAR 7-10.) Plaintiff filed this action challenging USCIS's denial of its Petition as a violation of the Administrative Procedure Act ("APA").

The matter is now before the court on the parties' cross-motions for summary judgment. (Dkts. 28, 29.)

## II. LEGAL STANDARD

Under the APA, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found . . . arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. . . ." 5 U.S.C. § 706. While the reviewing court may not "substitute its judgment for that of the agency," the court "must conduct a searching and careful inquiry into the facts." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). A court may reverse an agency decision only

> if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, offered an explanation that ran counter to the evidence before the agency, or offered one that is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Sierra Club v. Bosworth*, 510 F.3d 1016, 1023 (9th Cir. 2007) (quoting *W. Radio Servs. Co. V. Espy*, 79 F.3d 896, 900 (9th Cir. 1996)). "Nevertheless, to withstand review the agency must articulate a rational connection between the facts found and the conclusions reached." *Id.* (alterations and quotations omitted) (citation omitted). The reviewing court will "defer to an agency's decision only if it is fully informed and well-considered." *Id.* (quotations and citation omitted).

On a motion for summary judgment, the reviewing court's function is "to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Occidental Engineering Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985).

**III. DISCUSSION**

As a preliminary matter, Innova invites this court to review its website because USCIS relied on the website in denying Innova's petition. (Plaintiff's MSJ, Dkt. 28, at 10-12.) In reviewing an administrative agency's decision, the court is limited to the administrative record and may review material outside of the record in four narrow circumstances. *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Zinke*, 889 F.3d 584, 600 (9th Cir. 2018). Relevant here, a court may review material outside of the record "where 'the agency has relied on documents not in the record.'" *Id.* (quoting *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1451 (9th Cir. 1996)). USCIS does not dispute the court's ability to review Innova's website. (*See* Defendant's Opp., Dkt. 31.) The court finds that it is appropriate to review Innova's website because USCIS specifically relied on its contents: "[I]nformation from the petitioner's corporate web-site, www.innovasolutions.com indicates that the petitioner's main function is to provide IT solutions and consulting services to other companies," and "In light of the information from the petitioner's internet web-site that indicates the petitioner's main function is to Information Technology consulting services . . . ." (CAR 8-9.)[2] Thus, the court reviews

---

[2] In the Reply, Innova also asserts that USCIS violated its own regulations and impeded its due process by not allowing it an opportunity to respond. (Plaintiff's Reply at 14-15 (citing 8 C.F.R. § 103.2(b)(16)(i) ("If the decision will be adverse to the applicant . . . and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut . . . ."))). It is unclear whether Innova refers to USCIS's reliance on its tax returns or on its website. In any event, the tax returns were provided by Innova in response to the RFE and Innova expressly directed USCIS to its website for more information about its

4

the administrative record and Innova's website to determine whether USCIS's decision was arbitrary or capricious.

The only issue before the court is whether USCIS's decision to deny Innova's petition based on a lack of employer-employee was arbitrary or capricious. USCIS concluded that Innova had failed to establish a valid employer-employee relationship with the beneficiary for the duration of the requested period because:

> [(1)] [I]nformation from the petitioner's internet web-site [ ] indicates the petitioner's main function is to [provide] Information Technology consulting services to other companies, [(2)] the insufficiency in the evidence that the petitioner produces its own software product, and [(3)] the lack of documentation of any documents between the petitioner and an end-client . . . .

(CAR 9.) Further, USCIS stated that for the reasons above, "USCIS is unable to determine if the beneficiary will be working on-site on the petitioner's product or if the beneficiary will be working off-site at a third-party's location." (CAR 9.) The court reviews each of stated reasons to determine whether there is a rational connection between the facts found and the conclusions reached. *See Sierra Club*, 510 F.3d at 1023.

As to USCIS's first reason for concluding that Innova failed to establish an employer-employee relationship, Innova's website contains information on both its "Services" and "Solutions." As to its services, it is apparent that Innova provides "Information Technology consulting services to other companies." (*See* CAR 9.) It is also apparent, however, that Innova's services to other companies includes using platforms and software created by Innova. For example, under the "Solutions" portion of the website there is information about Innova's Data Science Platform, Agile Cloud Services Program, Build-Operate-Transfer (BOT) model, and SmartEdge—all Innova created

---

services, therefore, Innova was aware of the material and USCIS was not required to allow it an opportunity to respond. (CAR 190, 70.)

5

software programs and applications. (*See* https://www.innovasolutions.com/#!/solutions.) This portion of Innova's website also prominently states: "Our DNA is to passionately invest in building world-class technology solutions that solve real-world challenges of our clients. Our solutions redefine how businesses can modernize, innovate, and compete in the digital world." *Id.* While it does not appear that Innova sells its in-house created programs and applications to its clients, the descriptions of the software programs indicate that they were created by Innova to use while providing services to its clients. Because USCIS visited Innova's website and relied on the website as evidence in making its findings, USCIS may not then ignore evidence on the website contradicting its position.

USCIS's reason for denial was that Innova failed to provide sufficient evidence to establish that Innova created its own products in-house. While Innova's website provided some evidence that Innova created its own software, Innova was required to provide sufficient evidence demonstrating an employer-employee relationship with the Beneficiary and that the Beneficiary would be working in-house and not with a third-party. USCIS considered (1) Innova's Proof of Concept PowerPoint presentation "Blockchains for Corporate Actions" and "Innova Solutions: Business Value Through Cloud Transformation," (2) a copy of the lease where the Beneficiary would be working, and (3) Innova's tax returns. First, USCIS concluded that the PowerPoint did not establish "that this product exists, that the petitioner is the company producing it, and that the beneficiary is expected to work on this product in a particular role." (CAR 9.) USCIS further dismissed the PowerPoint because "all information about this possible 'Blockchains project' was submitted by petitioner or by counsel in counsel's cover letter." (CAR 9.) Second, USCIS dismissed the lease because, "[a]lthough . . . the submitted lease indicates approximately 4500 square feet of rental space . . . it remains unknown if this is sufficient space to produce the 'Blockchain' product, or whether or not such office space is being used for the development and production of this particular claimed product."

6

(CAR 9.) Third, USCIS concluded that Innova's tax returns were "insufficient to establish that the petitioner produced a product that it sold within those tax years" because Line Two, the "cost of goods sold" indicated "Zero." (CAR 9.)

The court concludes that USCIS's explanations described above are implausible and not a result of its expertise. The Proof of Concept PowerPoint is an explanation of the scope of the project and its objectives. (CAR 64.) The court acknowledges that the PowerPoint's description of the "Blockchain" is highly technical, making it difficult to understand what precisely the in-house product is meant to do. Additionally, the court acknowledges that USCIS may assign the PowerPoint less probative weight because it was created after the RFE was issued. Nevertheless, it was illogical to dismiss the PowerPoint entirely because there was an absence of printed work published about the product and because the product was not in Innova's product portfolio—the product is nonexistent and would not be on any printed work or in Innova's portfolio. Innova's petition and its submitted documents about the Beneficiary consistently stated that the Beneficiary was needed to produce the "Blockchain" product. (CAR 190 (description of the position filed with I-129 stating that "[Beneficiary] will be a Solutions Architect with us developing our proprietary software and hardware."; CAR 26 ("[Beneficiary] is needed to complete the development of Proof of concept . . . The scope of Blockchain for Corporate Actions project involves the creation of a new blockchain system . . . .").) Because the software is non-existent, and the Beneficiary is needed to create it, logically there would not be a published work describing it and it would not be in Innova's product portfolio.

Further, as to the lease, the RFE specifically suggested "evidence of sufficient production space and equipment." (CAR 21.) For this purpose, Innova submitted a lease showing 4500 square feet of office space. Innova described Beneficiary's work and from this description, it is relatively clear that all the Beneficiary would require to perform his work is enough space for a desk and a computer. It is inconsistent with the evidence for

7

USCIS to suggest that 4500 square feet of office space may be insufficient space to produce the product. (CAR 9.) The court also concludes that there is no rational connection between USCIS's review of Innova's tax returns and its conclusion that Innova does not sell any goods. (CAR 9.) Innova submitted its tax returns to demonstrate that it had sufficient work available for the Beneficiary, not to demonstrate that it sold goods. (CAR 34 ("To further show that there is work available for [the Beneficiary], we provide Innova Solutions' 3 most recent tax returns.")) Innova did not claim to need the Beneficiary to produce a product to sell, rather, Innova explained: "Blockchain for Corporate Actions is an internally developed project from Innova Solutions. It is not an end-client project." (CAR 26.) Thus, the evidence submitted demonstrates that the software was a product to be used in-house to provide "solutions" to Innova's clients technological needs.

USCIS argues that the evidence submitted by Plaintiff raised credibility questions because of numerous inaccuracies and contradictions. (Defendant's MSJ, Dkt. 29, 18-20.) The court does not find these purported inaccuracies plausible. First, USCIS identifies an inaccuracy in Innova's statement that it has 177 employees, CAR 270, and the organizational chart showing only seven people, CAR 20. However, the organizational chart does not purport to include *every* employee of the company, it only purports to show that the Beneficiary will report directly to the Vice President of the company. USCIS also asserts that Innova's percentage breakdown of a typical day for the Beneficiary demonstrates that the Beneficiary "may be working 'with client and business stakeholders.'" (Defendant's Opp. at 1; *see also* Defendant's MSJ at 21.) However, the percentage breakdown cannot be viewed in isolation. Innova provided a breakdown of the Beneficiary's typical day, represented the various departments within Innova Solutions that he would interact with, and also stated that the Beneficiary would "Clarify[ ] the ambiguities and issues with the Business stakeholders and help[ ] the team in proper execution of the project." (CAR 27-30.) Taken in context with the descriptions

of daily tasks performed at the job site, the percentage breakdown shows that the Beneficiary will be coordinating with clients and business stakeholders on the project *in-house*.

Another claimed inconsistency is that Innova's "own submitted materials of the job position described how the beneficiary must be willing to travel to various job sites within the US." (Defendant's Opp. at 4 (citing CAR 40, 42.)) However, the Record at 32 states: "As evidence of this[, that employer normally requires a degree for the position], we attach advertisements that Innova Solutions has issued for the position of software developer." (Exhibit A, 'Position Advertisements'). (CAR 32.) The exhibit USCIS identifies as demonstrating that the Beneficiary here would be required to travel are in Exhibit A—an exhibit Innova attached to demonstrate that Innova Solutions always has a degree requirement. A showing relevant to the requirement of "Specialty Occupation (CAR 13)—not to demonstrate that Beneficiary's specific position would require him to travel. The only inaccuracy or inconsistency that the court can discern in the record is that Innova's initial petition titled the Beneficiary's position as a "Solution Architect", CAR 173, and in its organizational chart titled the Beneficiary's position as "Technical Architect," CAR 62. The court concludes that USCIS's explanations that Innova offered numerous inconsistencies, is implausible.

Upon finding that Innova "mainly" provided services to clients through placements, USCIS reasonably required evidence to demonstrate that the Beneficiary would be working in-house. In addition to the evidence discussed above, Innova also submitted a "Supervision and Control Letter," (CAR 59), in which Innova and Beneficiary signed and agreed that Innova has sole control over the Beneficiary's day-to-day work, its ability to hire and fire him, and the method of supervision and review of his work. Considering the record as a whole, the court concludes that USCIS offered an explanation that ran counter to the evidence and made implausible explanations to disregard evidence in the record.

Reviewing USCIS's reasons for denial and the evidence before it, the court concludes that USCIS has not articulated a rational connection between the facts found and the conclusions reached. USCIS's denial of Innova's petition was arbitrary.

**IV. CONCLUSION**

The court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion.

**IT IS SO ORDERED.**

Dated:    11-5-2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE